IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| AMERICAN OVERSIGHT, <br> 1030 15th Street NW, B255 <br> Washington, DC 20005 <br><br> *Plaintiff*, <br><br> v. <br><br> U.S. ELECTION ASSISTANCE <br> COMMISSION <br> 633 3rd Street NW, Suite 200 <br> Washington, DC 20001 <br><br> *Defendant*. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | Case No. 22-cv-2273 |

## COMPLAINT

1. Plaintiff American Oversight brings this action against U.S. Election Assistance Commission under the Freedom of Information Act, 5 U.S.C. § 552 (FOIA), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking declaratory and injunctive relief to compel compliance with the requirements of FOIA.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331, 2201, and 2202.

3. Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

4. Because Defendant has failed to comply with the applicable time-limit provisions of FOIA, American Oversight is deemed to have exhausted its administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i) and is now entitled to judicial action enjoining the agency from

1

continuing to withhold agency records and ordering the production of agency records improperly withheld.

## PARTIES

5. Plaintiff American Oversight is a nonpartisan, non-profit section 501(c)(3) organization primarily engaged in disseminating information to the public. American Oversight is committed to promoting transparency in government, educating the public about government activities, and ensuring the accountability of government officials. Through research and FOIA requests, American Oversight uses the information it gathers, and its analysis of it, to educate the public about the activities and operations of the federal government through reports, published analyses, press releases, and other media. The organization is incorporated under the laws of the District of Columbia.

6. Defendant U.S. Election Assistance Commission (EAC) is an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1) headquartered in Washington, DC. EAC has possession, custody, and control of the records that American Oversight seeks.

## STATEMENT OF FACTS

*Election Law Working Group Communications Request*

7. On June 4, 2021, American Oversight submitted a FOIA request to EAC seeking access to the following records: "[a]ll email communications (including emails, email attachments, calendar invitations, and attachments thereto) between (a) Don Palmer, Christy McCormick, or Tyler Hermann, and (b) any of [a list of specified individuals]." A copy of the Election Law Working Group Communications Request is attached hereto as Exhibit A and incorporated herein.

8. American Oversight also requested "[a]ll email communications (including emails, email attachments, calendar invitations, and calendar invitation attachments) between (a) Don Palmer, Christy McCormick, or Tyler Hermann, and (b) anyone communicating on behalf of the Heritage Foundation or Heritage Action for America (including, but not limited to, anyone communicating from an email address ending in heritage.org or heritageaction.com)." Ex. A at 5.

9. The request also asked for "[a]ll email communications (including emails, email attachments, calendar invitations, and calendar invitation attachments) sent or received by Don Palmer, Christy McCormick, or Tyler Hermann containing the phrase 'Election Law Working Group.'" *Id.*

10. For all parts of the request, American Oversight requested all responsive records from December 4, 2020, through the date the search was conducted. *Id.*

11. At the time of this filing, American Oversight has not received any communication from EAC regarding this request.

*Calendars and External Communications Request*

12. On October 15, 2021, American Oversight submitted a FOIA request to EAC, seeking access to the following records: "[a]ll calendars or calendar entries for Commissioner Donald Palmer and Commissioner Christy McCormick including any calendars maintained on their behalf, such as calendars maintained by administrative assistants or schedulers." A copy of the Calendars and External Communications Request is attached hereto as Exhibit B and incorporated herein.

13. For this part of the request, American Oversight asked "that the calendars be produced in a format that includes all invitees, any notes, and all attachments. Please do not limit your search to Outlook calendars; we request the production of any calendar—paper or

electronic, whether on government-issued or personal devices—used to track or coordinate how Commissioner Palmer and Commissioner McCormick allocate their time on Commission business." Ex. B at 2.

14. For this first part of the request, American Oversight sought all responsive records from January 1, 2020, through the date the search was conducted. *Id.*

15. American Oversight also requested "[a]ll email communications (including emails, complete email chains, email attachments, calendar invitations, and calendar attachments) between (a) Commissioner Donald Palmer, Commissioner Christy McCormick, or Special Counsel Tyler Herrmann, and (b) any representative of any of [a list of eight external entities]." *Id.*

16. For this second part of the request, American Oversight sought all responsive records from January 1, 2021, through the date the search was conducted. *Id.*

17. The request also asked for "[a]ll email communications (including emails, complete email chains, email attachments, calendar invitations, and calendar attachments) between (a) Commissioner Donald Palmer, Commissioner Christy McCormick, or Special Counsel Tyler Herrmann, and (b) any representative of any of [a list of an additional thirty-five external entities]." *Id.* at 2–3.

18. For this third part of the request, American Oversight sought all responsive records from January 1, 2020, through the date the search was conducted. *Id.* at 3.

19. On January 6, 2022, EAC acknowledged this request and assigned it file number 22-00010.

20. At the time of this filing, American Oversight has not received any further communication from EAC regarding this request.

*Cleta Mitchell Records Request*

21. On December 17, 2021, American Oversight submitted a FOIA request to EAC seeking access to the following records: "[a]ll email communications (including emails, email attachments, complete email chains, calendar invitations, and calendar invitation attachments) and all text message threads/conversations between (a) the U.S. Election Assistance Commission commissioners listed . . . and (b) Cleta Mitchell (including, but not limited to, at cleta@cletamitchell.com and cmitchell@foley.com)." A copy of the Cleta Mitchell Records Request is attached hereto as Exhibit C and incorporated herein.

22. The listed commissioners included: Donald Palmer; Thomas Hicks; Christy McCormick; and Benjamin Hovland. Ex. C at 1–2.

23. For this first part of the request, American Oversight sought all responsive records from November 1, 2020, through the date the search was conducted. *Id.* at 2.

24. American Oversight also requested "[a]ll email communications (including emails, email attachments, complete email chains, calendar invitations, and calendar invitation attachments) and all text message threads/conversations sent or received by any of the U.S. Election Assistance Commission commissioners listed above containing any of [a list of specified] search terms . . . ." *Id.* at 2.

25. The request specified that:

> For the email portion of [this request], please note that American Oversight does not seek, and that this request specifically excludes, the initial mailing of news clips or other mass-distribution emails. However, subsequent communications forwarding such emails are responsive to this request. In other words, for example, if Commissioner Palmer received a mass-distribution news clip email referencing PILF, that initial email would not be responsive to this request. However, if Commissioner Palmer forwarded that email to another individual with their own commentary, that subsequent

message would be responsive to this request and should be produced.

*Id.*

26. It further specified that:

> For the text message portion of [this request], American Oversight requests that full text message threads/conversations be produced. For example, if Commissioner Palmer sent or received a text message referencing PILF, the complete thread/conversation spanning two days (48 hours) prior to the sending or receipt of the message through two days (48 hours) following the sending or receipt of the message should be produced, and not just the message containing the key term.

*Id.*

27. For this second part of the request, American Oversight sought all responsive records from November 1, 2020, through the date the search was conducted. *Id.*

28. The request also asked for "[a]ll email communications (including emails, email attachments, complete email chains, calendar invitations, and calendar invitation attachments) concerning government business <u>sent</u> by EAC Board of Advisors member Cleta Mitchell to any email address ending in .com, .net, .org, .mail, .edu, .law, .co, or .us." *Id.*

29. This part of the request specified that:

> [I]n an effort to accommodate your office and reduce the number of potentially responsive records to be processed and produced, American Oversight has limited its emails request to emails <u>sent</u> by Board of Advisors member Cleta Mitchell. To be clear, however, American Oversight still requests that complete email chains be produced, displaying both sent and received messages. This means, for example, that both an email response sent by Mitchell to an email address ending in .com and the initial received message are responsive to this request and should be produced."

*Id.* at 3.

30. For this third part of the request, American Oversight sought all responsive records from November 1, 2021, through the date the search was conducted. *Id.*

31. American Oversight also requested "[a]ll text message threads/conversations concerning government business sent or received by EAC Board of Advisors member Cleta Mitchell." *Id.*

32. For this fourth part of the request, American Oversight sought all responsive records from November 1, 2021, through the date the search was conducted. *Id.*

33. American Oversight also requested "[r]ecords sufficient to identify any ethics waivers or authorizations, recusal determinations, or conflict determinations or analyses, for Cleta Mitchell." *Id.*

34. For this fifth part of the request, American Oversight sought all responsive records from January 1, 2021, through the date the search was conducted. *Id.*

35. American Oversight also requested:

> All records containing objections, dissent, or concerns over the appointment of Cleta Mitchell to the EAC Board of Advisors created by or provided to any EAC Commissioner, any EAC Board of Advisors member, or any EAC staff member. This includes any memoranda, email communications, text message communications, or records reflecting any conversations containing any objections, dissent, or concerns over Cleta Mitchell's appointment.

*Id.*

36. For this sixth part of the request, American Oversight sought all responsive records from January 1, 2021, through the date the search was conducted. *Id.*

37. At the time of this filing, American Oversight has not received any communication from EAC regarding this request.

*Election Activists Communications Request*

38. On March 23, 2022, American Oversight submitted a FOIA request to EAC seeking access to the following records:

> All records reflecting communications (including emails, email attachments, text messages, messages on messaging platforms (such as Slack, GChat, Google Hangouts, Lync, Skype, WhatsApp, Signal, Parler, or Telegram), telephone call logs, calendar invitations, calendar entries, meeting agendas, talking points, any handwritten or electronic notes taken during any oral communications, summaries of any oral communications, or other materials) between (a) Commissioner Donald Palmer or Commissioner Christy McCormick, and (b) any of [a list of specified individuals] . . . .

A copy of the Election Activists Communications Request is attached hereto as Exhibit D and incorporated herein.

39. American Oversight requested all responsive records from August 1, 2020, through the date the search was conducted. Ex. D at 2.

40. On March 30, 2022, EAC acknowledged this request and assigned it file number 22-00040.

41. At the time of this filing, American Oversight has not received any further communication from EAC regarding this request.

*Exhaustion of Administrative Remedies*

42. As of the date of this complaint, Defendant has failed to (a) notify American Oversight of any determinations regarding its FOIA requests, including the scope of any responsive records Defendant intends to produce or withhold and the reasons for any withholdings; or (b) produce the requested records or demonstrate that the requested records are lawfully exempt from production.

43. Through Defendant's failure to make determinations as to American Oversight's FOIA requests within the time period required by law, American Oversight has constructively exhausted its administrative remedies and seeks immediate judicial review.

## COUNT I
### Violation of FOIA, 5 U.S.C. § 552
### Failure to Conduct Adequate Searches for Responsive Records

44. American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

45. American Oversight properly requested records within the possession, custody, and control of EAC.

46. EAC is an agency subject to FOIA, and it must therefore make reasonable efforts to search for requested records.

47. EAC has failed to promptly review agency records for the purpose of locating those records that are responsive to American Oversight's FOIA requests.

48. EAC's failure to conduct adequate searches for responsive records violates FOIA and EAC regulations.

49. Plaintiff American Oversight is therefore entitled to injunctive and declaratory relief requiring Defendant to promptly make reasonable efforts to search for records responsive to American Oversight's FOIA requests.

## COUNT II
### Violation of FOIA, 5 U.S.C. § 552
### Wrongful Withholding of Non-Exempt Responsive Records

50. American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

51. American Oversight properly requested records within the possession, custody, and control of EAC.

52. EAC is an agency subject to FOIA, and it must therefore release in response to a FOIA request any non-exempt records and provide a lawful reason for withholding any materials.

53. EAC is wrongfully withholding non-exempt agency records requested by Plaintiff by failing to produce non-exempt records responsive to its FOIA requests.

54. Plaintiff American Oversight is therefore entitled to declaratory and injunctive relief requiring Defendant to promptly produce all non-exempt records responsive to its FOIA requests and indexes justifying the withholding of any responsive records withheld under claim of exemption.

## **REQUESTED RELIEF**

WHEREFORE, American Oversight respectfully requests the Court to:

(1) Order Defendant to conduct a search reasonably calculated to uncover all records responsive to American Oversight's FOIA requests identified in this Complaint;

(2) Order Defendant to produce, within twenty days of the Court's order, or by such other date as the Court deems appropriate, any and all non-exempt records responsive to American Oversight's FOIA requests and *Vaughn* indexes of any responsive records withheld under claim of exemption;

(3) Enjoin Defendant from continuing to withhold any and all non-exempt records responsive to American Oversight's FOIA requests;

(4) Award American Oversight the costs of this proceeding, including reasonable attorneys' fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

(5) Grant American Oversight such other relief as the Court deems just and proper.

Dated: August 2, 2022

Respectfully submitted,

*/s/ Emma Lewis*
Emma Lewis
D.C. Bar No. 144574

*/s/ Rachel Baron*
Rachel Baron*
*Pro hac vice* application forthcoming

AMERICAN OVERSIGHT
1030 15th Street NW, B255
Washington, DC 20005
(202) 919-6303
emma.lewis@americanoversight.org
rachel.baron@americanoversight.org
*Counsel for Plaintiff*

11